UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02573

**Landa Vasquez,**
*Petitioner,*
v.
**Vergara, et al.,**
*Respondents.*

## ORDER

Raul Alberto Landa Vasquez is a native and citizen of Honduras currently being detained by Respondents pending removal proceedings. He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing and an injunction against his transfer outside the district while his petition is pending. Because his detention is lawful, his petition and request for an injunction are denied.

## BACKGROUND

Petitioner last entered the United States on or about May 23, 2023, with a B1/B2 visitor visa. Petitioner's visa authorized him to remain in the United States until June 27, 2023. Petitioner overstayed. Petitioner was first encountered by law enforcement on February 13, 2026, following a traffic stop. Petitioner was subsequently taken into federal immigration custody on or about February 16, 2026.

Petitioner alleges he received a bond hearing on March 24, 2026, but bond was denied. Petitioner was ordered removed from the United States on or about April 29, 2026. Petitioner appealed, and the appeal is pending. Petitioner alleges he also

filed a bond appeal on August 7, 2026, which is still pending. Petitioner is currently detained at the T. Don Hutto Detention Center in Taylor, Texas.

This is Petitioner's second petition for writ of habeas corpus. Petitioner filed his first petition on March 31, 2026. Pet. for Writ of Habeas Corpus, *Landa Vasquez v. Vergara, et al.*, No. 1:26-cv-799 (Mar. 31, 2026), ECF No. 1. The Court denied his petition on June 9, 2026. Order Denying Pet. for Writ of Habeas Corpus, *Landa Vasquez v. Vergara, et al.*, No. 1:26-cv-799 (June 9, 2026), ECF No. 13. Petitioner filed this petition for writ of habeas corpus on September 18, 2026, contesting his detention and seeking his immediate release or an individualized bond hearing and an injunction against his transfer outside the district while his petition is pending. The Court ordered Respondents to show cause why the writ should not be granted. Respondents filed a motion to dismiss successive petition. Petitioner did not respond to Respondents' motion. The Court now addresses the petition and the motion.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a

challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## Analysis

Petitioner asserts that his pre-removal detention is unlawful because it violates due process and is unreasonably prolonged under *Zadvydas*. Petitioner raised the due process claim in his first petition for a writ of habeas corpus. Pet., *Landa Vasquez v. Vergara, et al.*, No. 1:26-cv-799 (Mar. 31, 2026), ECF No. 1. "[I]t is an abuse of the writ for a [petitioner] to raise the same claim a second time." *Beras v. Johnson*, 978 F.3d 246, 252 (5th Cir. 2020) (per curiam). Petitioner's due process argument fails again for the same reasons. His additional *Zadvydas* argument also fails.

Petitioner is incorrect that the length of his detention violates section 1231 and *Zadvydas v. Davis*. Section 1231 generally requires an alien with a final order of removal to be removed within a period of 90 days after he is ordered removed. 8 U.S.C. § 1231(a)(1)(A). This is known as the "removal period." *Id.* But Petitioner admits his removal order is not administratively final because his appeal is pending. Pet. at ¶ 33 (ECF No. 1). Because his removal order is not final, Petitioner is not held under section 1231. *See* 8 U.S.C. § 1231(a)(1). Similarly, in *Zadvydas* the aliens were detained pursuant to final

orders of removal. *See* 533 U.S. at 682. Petitioner is not subject to a final removal order, so *Zadvydas* does not apply.

Even if Petitioner was subject to a final removal order, *Zadvydas* would not require his release. "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. "The alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (citing *Zadvydas*, 533 U.S. at 701). Petitioner has not pled facts showing "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future," so even if *Zadvydas* applied, it would not require his release. *Zadvydas*, 533 U.S. at 701; *see Andrade*, 459 F.3d at 543–44 (finding conclusory allegations suggesting an alien will not be immediately removed following the resolution of his appeals insufficient to fulfill the alien's initial burden of showing no likelihood of removal exists).

Even assuming Petitioner is detained under section 1226(a) and is entitled to a bond hearing, Petitioner is not entitled to habeas relief because Petitioner was given a bond hearing.[1] *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 504–05 (5th Cir. 2026) ("[section] 1226(a) applies to admitted aliens who overstay their visas"); Pet. at ¶ 5. This Court lacks jurisdiction to review the immigration judge's decision to deny

[1] In response to Petitioner's first habeas petition, Respondents state that Petitioner was *not* given a bond hearing and did not request a bond hearing. Resp., *Landa Vasquez v. Vergara, et al.*, No. 1:26-cv-799 (Apr. 9, 2026), ECF No. 8. If this is true, Petitioner is still not entitled to habeas relief because he has not exhausted administrative remedies. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (per curiam).

bond.[2] *See* 8 U.S.C. § 1226(e); *see e.g.*, *Velasquez-Gutierrez v. U.S. Immigr. & Customs Enf't*, No. 1:26-cv-01066-ADA, 2026 WL 1232292, at *1 (W.D. Tex. May 5, 2026) (denying a habeas petition because the court lacks jurisdiction to review the immigration judge's bond determination); *Patrick v. Whitaker*, No. H-18-2068, 2019 WL 588465, at *7 (S.D. Tex. Feb. 13, 2019) (similar). Even if this Court had jurisdiction, this Court could not grant habeas relief because Petitioner has not exhausted his administrative remedies. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (per curiam). This means that Petitioner must ask the Board of Immigration Appeals to first review the Immigration Court's bond determination. *See generally* 8 C.F.R. §§ 1103.19, 1236.1. Petitioner has not completed this step. His appeal of the bond determination is still pending. Pet. at ¶ 6.

Due process requires nothing more. The Fifth Circuit has held that, "[s]o long as an alien's detention pending removal 'ha[s] a definite termination point'—removal or release—his or her continued confinement without bond hearing does not offend due process." *Rodriguez v. Vergara*, --- F.4th ----, No. 26-50183, 2026 WL 3181188, at *13 (5th Cir. Oct. 23, 2026) (en banc) (quoting *Banyee v. Garland*, 115 F.4th 928, 932 (8th Cir. 2024)).

Petitioner is also not entitled to an injunction against transfer while his petition is pending. Petitioner presents no persuasive reason for the Court to enter an injunction prohibiting his transfer. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a TRO restraining the petitioner from being transferred from a district). He has provided no reason why his transfer would

---

[2] To the extent Petitioner is arguing that the bond hearing he received was constitutionally inadequate, that is nothing more than a collateral attack on a bond determination that this Court lacks jurisdiction to review. *See* 8 U.S.C. § 1226(e).

be unlawful. And as this order explains, his detention is, in fact, lawful. Without a successful claim on the merits, no relief can be had. *VRC LLC v. City of Dallas*, 460 F.3d 607, 611, 615–16 (5th Cir. 2006) (stating "[t]he party seeking a permanent injunction must ... establish [ ] success on the merits[,]" and denying a permanent injunction for failure to prevail on the merits). To the extent Petitioner's request for an injunction against transfer is a request for a stay of removal, Petitioner likewise presents no persuasive reason for the Court to enjoin his removal from the United States pending the adjudication of this petition. Even if he had, the Court would lack jurisdiction to do so. *See* 8 U.S.C. § 1252(g). Petitioner's request for an injunction is denied.

* * *

The petition for writ of habeas corpus is denied.

The motion to dismiss is denied as moot.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on October 26, 2026.*

Andrew Davis
United States District Judge